# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72423-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM DAILEY, individually and his | ) | UNPUBLISHED OPINION |
| marital community; CATHERINE A. | ) | |
| DAILEY, individually and her marital | ) | |
| community; JANET SPARKS, | ) | |
| individually and her marital community; | ) | |
| JOHN DOE SPARKS, individually and | ) | |
| his marital community, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| DEBORAH A. HIGGINS, individually | ) | |
| and her marital community; MICHAEL | ) | |
| P. HIGGINS, individually and his | ) | |
| marital community; T.E.A.M. | ) | |
| SERVICES LLC, | ) | |
| | ) | |
| Defendants. | ) | FILED: January 11, 2016 |

LEACH, J. — William and Catherine A. Dailey and Janet Sparks appeal from orders granting summary judgment against them and denying their motion for reconsideration. They challenge only the trial court's denial of their request for a continuance of the summary judgment hearing and its award of attorney fees. Because the trial court did not abuse its discretion in denying the continuance or determining the amount of fees, we affirm.

FACTS

On July 29, 2013, the Washington State Attorney General's Office filed suit against Dailey and Sparks for violations of the Consumer Protection Act (CPA), chapter 19.86 RCW, and the estate distribution document act, chapter 19.295 RCW. Appearing pro se, Dailey and Sparks each filed answers denying the State's allegations.

On February 27, 2014, the State served Dailey with a notice of deposition scheduled for March 21, 2014. On March 1, 2014, the State served Sparks with a notice of deposition scheduled for March 28, 2014. On March 19, 2014, both Dailey and Sparks asked the court to continue the depositions for 60 days so that they could retain an attorney. Dailey and Sparks submitted nearly identical declarations, stating that they had been represented by counsel before the filing of the complaint but that they were currently appearing pro se due to "insufficient funds." Dailey and Sparks stated that they had contacted a variety of civil legal aid organizations but were not eligible for assistance, due to the nature of the complaint, and planned to continue searching for a private attorney they could afford. The trial court denied their request, finding that "[t]here is nothing in the declarations of either [D]ailey or Sparks that suggests any change in circumstances, such as promising leads or improving finances, will occur to enable them to retain an attorney in the next sixty days." The trial court concluded that "because more than six months have passed without [D]ailey or Sparks being able to find an attorney—despite actively looking—and because there is no

indication that their situation will improve, continuing their depositions for sixty days will not change anything."

On April 22, 2014, the State filed a notice for a summary judgment hearing scheduled for July 25, 2014. On June 3, 2014, attorney Kenneth Kato contacted Jason Bernstein, one of the two assistant attorneys general prosecuting the case. Mr. Kato stated that he was "considering" representing Dailey and Sparks but "had not yet agreed" to do so.

The State filed its summary judgment motion on June 27, 2014. On July 14, 2014, after the deadline for filing responsive pleadings had passed, Dailey and Sparks moved to continue the summary judgment hearing for two months "to permit [them] to complete retaining counsel" and "for counsel to file with the court confirming representation as well as prepare for the motion hearing." In a supporting declaration, Dailey stated, "I am in the process of retaining counsel" and "I'm very close to accomplishing this goal after several years with no ability to do so." On July 23, 2014, both Dailey and Sparks filed supplemental declarations, stating they were retaining Kato to represent them and that Kato would file a notice of appearance "next week." Neither Dailey nor Sparks filed a written response to the State's summary judgment motion.

Dailey and Sparks appeared at the summary judgment hearing without counsel. When the trial court asked if counsel represented them, Sparks responded, "We are represented, he just has not made a notice of appearance yet." Sparks stated that Kato had called Bernstein that morning "to assure him that he was representing us and that

he would be filing a notice of appearance next week." However, Bernstein responded that Kato told him that "there has been no fee agreement signed" and Dailey and Sparks were still "trying to get . . . money together." Kato said that Bernstein "could represent to the court that they were talking to him about representing them," but "[h]e is not representing them yet."

The trial court denied the continuance, stating,

I recall back in March when I had a motion from you folks, well, written motion, asking me to continue the deposition. . . . And I denied that motion as you recall, because I took note of how long it had been since the case was active. How long it had been that the other side had been trying to schedule your deposition and yet still no attorney.

And now here we are four months down the road from that and still no attorney. I know that you are talking to one, but that's—that's—there is a significant difference to me between talking to an attorney, trying to retain an attorney, and actually retaining an attorney. And if you had found one, and if your attorney had filed a Notice of Appearance and said, Hey, Your Honor, I have agreed to represent them, I see there is ten binders that have been filed of materials for the summary judgment motion. I hope you understand that it's going to take me a little bit to come up to speed. I'd be very sympathetic, but that's not the situation that I have in front of me.

. . . .

So I'm certainly sympathetic to the lack of an attorney that you have found themselves with. I am sympathetic to the reasons for that. But our constitution both state and federal does not provide someone with the right to an attorney in a civil proceeding such as this. And so we need to proceed. We are where we are. So I'll issue, you know, just a very short simple written order that you folks are here and I wanted you to have the benefit of understanding where I am coming from in terms of denying your motion for a continuance, okay?[1]

The trial court noted that Dailey and Sparks had filed no response to the summary judgment motion but permitted them to present argument at the hearing. Dailey

---

[1] The trial court did not enter a written order denying the motion for a continuance.

responded, "I am not allowed to talk," and Sparks stated, "We'll just have to let this be granted and deal with it after the citation [sic]." The trial court granted summary judgment. It found that Dailey and Sparks' actions violated the CPA and ordered Dailey and Sparks to pay restitution in the amount of $29,125. The trial court also awarded the State reasonable attorney fees and costs under RCW 19.86.090.

On August 1, 2014, Kato filed a notice of appearance on behalf of Dailey and Sparks. On the same day, Kato filed a motion for reconsideration of the summary judgment order. As authority, he cited CR 59(a)(1) ("[i]rregularity in the proceedings of the court, jury, or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having a fair trial") and CR 59(a)(9) ("substantial justice has not been done"). Kato admitted that "he was not formally retained until after the hearing and entry of the summary judgment order" but that the trial court erred in denying a continuance because Dailey and Sparks had "made a good faith effort to retain an attorney before a response was due and were successful in doing so, albeit after summary judgment was entered."

The order denying the motion for reconsideration states,

> Defendants had a year to retain an attorney, but failed to do so until after the hearing. That attorney could have easily provided notice of his appearance before the hearing, but failed to do so. Regardless, neither Defendants nor their new attorney has satisfied CR 56(f), the rule that governs continuances of a summary judgment hearing."

Later, the State submitted a declaration stating the billing rate per hour and the total number of hours billed by Bernstein, Elizabeth Erwin, a senior assistant attorney

general supervising the case, three paralegals, and an investigator. Dailey and Sparks objected to the 13.9 hours that Erwin billed to attend their depositions, asserting that Bernstein handled the depositions and Erwin's presence was duplicative and unnecessary. The trial court disagreed, concluding that "[g]iven the complexity of legal matters in a Consumer Protection action, the collaboration and work of two attorneys for Plaintiff was reasonable" and "[a]s the lead attorney in the case, Ms. Erwin's presence at depositions does not constitute wasted or duplicative efforts." Dailey and Sparks appeal.

## ANALYSIS

Dailey and Sparks challenge the trial court's denial of their motion for reconsideration, claiming they were entitled to a continuance in order to retain counsel. We review a trial court's rulings on motions for continuance and for reconsideration for abuse of discretion.[2] When exercising its discretion, the trial court should consider the need for a reasonably prompt disposition of the litigation; the possible prejudice to the adverse party; and the prior history of the litigation, including continuances already granted to the moving party.[3] A court abuses its discretion when it makes a manifestly unreasonable decision or bases its decision on untenable grounds or reasons.[4]

Here, Dailey and Sparks do not show that the court abused its discretion. Dailey and Sparks had attempted to get an attorney since the filing of the complaint on July 29,

---

[2] Coggle v. Snow, 56 Wn. App. 499, 504, 784 P.2d 554 (1990).
[3] Willapa Trading Co. v. Muscanto, Inc., 45 Wn. App. 779, 785-86, 727 P.2d 687 (1986).
[4] State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

2013, but could not due to their financial circumstances. On March 19, 2014, Dailey and Sparks asked to postpone their depositions for 60 days in order to hire counsel. At the end of the 60-day period, Dailey and Sparks were still unrepresented. Even by the time of the summary judgment hearing on July 25, 2014, Dailey and Sparks still did not have sufficient funds to reach a fee agreement with Kato. The trial court noted the length of time Dailey and Sparks spent unsuccessfully trying to hire counsel. Moreover, the State needed a prompt resolution of the litigation because of the serious allegations against Dailey and Sparks and the advanced age of its relevant witnesses/victims. Finally, Dailey and Sparks have not shown how a continuance would have changed the outcome. Taking all of the circumstances into consideration, we conclude the trial court did not abuse its discretion.

Dailey and Sparks contend the trial court abused its discretion because it implied "that counsel should have unethically filed a notice of appearance before being retained so a continuance could be secured." In doing so, Dailey and Sparks point to the language in the order denying reconsideration stating Kato "could have easily provided notice of his appearance before the hearing." Dailey and Sparks misread the trial court's order. The trial court did not instruct their attorney to file a notice of appearance before being retained. Instead, the trial court explained that it would have considered granting a continuance if Dailey and Sparks had retained counsel before the hearing and counsel had requested a continuance for time to prepare a response but would not

continue the hearing just to give Dailey and Sparks more time to retain counsel. It decided that they had already had ample time to do so.

Dailey and Sparks challenge the trial court's order granting summary judgment, contending that because the trial court abused its discretion in denying the motion for reconsideration, they are entitled to reversal of the summary judgment order. Because the trial court did not abuse its discretion, we need not further address this claim.

Dailey and Sparks contest the trial court's award of attorney fees. As they did below, Dailey and Sparks challenge the 13.9 hours that Erwin billed to attend their depositions when Erwin "asked no questions and contributed nothing to the process."

When calculating an award of attorney fees, a trial court multiplies the number of hours reasonably expended by the reasonable hourly rate.[5] To determine the number of hours reasonably expended, a trial court "should discount hours spent on unsuccessful claims, duplicated or wasted effort, or otherwise unproductive time."[6] We review the reasonableness of fees awarded for abuse of discretion.[7] The party challenging the trial court's award must show that the award was unreasonable and provide a record sufficient to allow this court to review any claimed error.[8] We treat unchallenged findings of fact as verities on appeal.[9]

---

[5] Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983).

[6] Chuong Van Pham v. Seattle City Light, 159 Wn.2d 527, 538, 151 P.3d 976 (2007).

[7] Mahler v. Szucs, 135 Wn.2d 398, 434-35, 957 P.2d 632 (1998).

[8] Wash. State Commc'n Access Project v. Regal Cinemas, Inc., 173 Wn. App. 174, 219, 293 P.3d 413, review denied, 178 Wn.2d 1010 (2013); RAP 9.2(b).

[9] Moreman v. Butcher, 126 Wn.2d 36, 39, 891 P.2d 725 (1995).

Here, the trial court record contains only 10 pages of Dailey's two-day deposition and 13 pages of Sparks's two-day deposition. This small fraction of deposition testimony taken is insufficient to support Dailey and Sparks' claim that Erwin's presence was unnecessary. Moreover, Dailey and Sparks do not challenge the trial court's finding that Erwin had 25 years of experience with the Attorney General's Office, handled the majority of the investigation, and drafted and filed the complaint. Nor do Dailey and Sparks challenge the trial court's conclusion that this was a complex case requiring the participation of two attorneys. Given the length of the State's investigation, the number of victims involved, and the amount of discovery in this case, the trial court did not abuse its discretion in determining that the requested attorney fees were reasonable.

The State requests attorney fees and costs incurred in defending this appeal. As the prevailing party, the State is entitled to attorney fees on appeal under RCW 19.86.080(1), upon compliance with RAP 18.1.[10]

Affirmed.

_Leach, J._

WE CONCUR:

_Spearman, C.J._          _Lau, J._

---

[10] RCW 19.86.090; <u>Svendsen v. Stock</u>, 143 Wn.2d 546, 560, 23 P.3d 455 (2001).